DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
AVALON J. FITZGERALD (Bar No. 288167)
MICHAEL W. REINING (Bar No. 305566)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: 916.444.1000
Facsimile: 916.444.2100
bwarne@downeybrand.com
afitzgerald@downeybrand.com
mreining@downeybrand.com

Attorneys for Defendant
UNIVERSITY DEVELOPMENT FOUNDATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. RYAN,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF ROSEVILL, a municipal corporation; ROSEVILLE COMMUNITY DEVELOPMENT CORPORATION, a non-profit public benefit corporation; UNIVERSITY DEVELOPMENT FOUNDATION, a foreign corporation; CHRIS ROBLES, an individual, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:17-cv-01453-MCE-DB<br><br>**DEFENDANT UNIVERSITY DEVELOPMENT FOUNDATION'S OBJECTION TO PRETRIAL SCHEDULING ORDER AND *EX PARTE* APPLICATION FOR RELIEF FROM SCHEDULE; ORDER**<br><br>Date:     April 30, 2018<br>Judge:   Hon. Morrison C. England, Jr. |

As permitted by the Court's Initial Pretrial Scheduling Order and pursuant to Federal Rule of Civil Procedure 16, Defendant University Development Foundation ("UDF") hereby objects to the schedule set forth in the Court's July 13, 2017, Initial Pretrial Scheduling Order, and requests *ex parte* relief from that schedule, as follows:

1. Plaintiff Richard J. Ryan ("Ryan") filed the original complaint in this action on July 12, 2017. (ECF No. 1.)

2. The Court issued its Initial Pretrial Scheduling Order on July 13, 2017. (ECF

1

No. 4.)

3. Pursuant to that Order and Federal Rule of Civil Procedure 4(m), Ryan was required to serve UDF within 90 days of filing his original complaint. (ECF No. 4 at 1.) Thus, Ryan was required to serve UDF by October 10, 2017.

4. On August 14, 2017, Ryan filed a first amended complaint, which is the operative complaint in this action. (ECF No. 6.)

5. Ryan served the City of Roseville on February 23, 2018.

6. Ryan did not serve UDF until March 29, 2018, more than 260 days after Ryan filed his initial complaint. (ECF No. 14.)

7. On April 19, 2018, UDF filed a motion to dismiss Ryan's only claim for relief against UDF, which Ryan styled as a "cause of action." Additionally, in light of the clarity of law regarding the Surplus Land Act, Cal. Gov. Code § 54222, which serves as the basis of Ryan's sole claim against UDF, UDF also requested that the Court dismiss that cause of action with prejudice. (ECF No. 23.) That motion is set for hearing on May 17, 2018.

8. The other defendants in this action have also filed motions to dismiss and motions to strike, seeking dismissal of Ryan's claims against them with prejudice. (ECF Nos. 7, 9, 19.) Accordingly, these motions may obviate the need for discovery in this case entirely, or substantially reduce the scope of discovery that needs to be conducted.

9. Pursuant to the Court's Initial Pretrial Scheduling Order, the following schedule is currently in effect:

    a. Rule 26(f) conference: April 24, 2018
    b. Initial disclosures: May 8, 2018
    c. Non-expert discovery: July 12, 2018;
    d. Expert discovery: September 10, 2018;
    e. Dispositive motions: January 8, 2019.

10. On April 24, 2018, UDF participated in the Rule 26(f) conference call. During that conference, the parties discussed the possibility of staying initial disclosures until the Court had ruled on the pending motions to dismiss. In response, Ryan refused to stipulate to continuing

the date for such disclosures. UDF is therefore seeking relief from the Court's order as soon as is practicable following the parties' conference regarding the discovery schedule in this case.

11. Because Ryan did not serve UDF until well after the deadline for him to do so, the dates set by the Initial Pretrial Scheduling Order give the parties only 66 days between the date of initial disclosures (which is the first date that discovery may be propounded pursuant to Rule 26) and the date that non-expert discovery closes. This is not an adequate amount of time for the parties to conduct discovery in this case. Ryan's failure to timely serve UDF thus presents an extraordinary circumstance warranting relief from the Scheduling Order. Moreover, in light of the pending motions to dismiss, the parties do not presently know which issues, if any, warrant the commencement of discovery, and will not know until they receive the Court's rulings on the pending motions. Good cause therefore exists to extend the deadlines for initial disclosures and to modify the Court's Initial Pretrial Scheduling Order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609–10 (9th Cir. 1992).

12. Accordingly, UDF objects to the Court's Initial Pretrial Scheduling Order[1] and requests that the Court enter an order focused upon:

    a. Staying the deadline for UDF to serve its initial disclosures until 14 days after the Court rules on UDF's motion to dismiss;

    b. Scheduling all other discovery-related deadlines in this case from February 23, 2018 (the date that the City of Roseville was served), rather than from July 12, 2017 (the date the initial complaint was filed).[2]

///
///
///
///

---

[1] UDF's objection to the Initial Pretrial Scheduling Order is timely. The Court's Initial Pretrial Scheduling Order requires that the parties object to the Order within 60 days of service on all Defendants. (ECF No. 4 at 7.)

[2] This date aligns with the schedule requested in the ex parte application filed by Defendants City of Roseville and Chris Robles. (ECF No. 25.)

3

1517689.2

OBJECTION TO PRETRIAL SCHEDULE & *EX PARTE* APPLICATION

DATED: April 30, 2018              DOWNEY BRAND LLP

                                   By: */s/ William R. Warne*
                                       WILLIAM R. WARNE
                                       AVALON J. FITZGERALD
                                       MICHAEL W. REINING
                                       Attorney for Defendant
                                       UNIVERSITY DEVELOPMENT
                                       FOUNDATION

**ORDER**

Good cause appearing, Defendant University Development Foundation's objection to the Initial Pretrial Scheduling Order and Ex Parte Application for Relief from the Schedule is hereby GRANTED. The Pretrial Scheduling Order is modified as follows:

1. The initial disclosures of Defendant UDF, required by Rule 26(c) of the Federal Rules, shall be made not later than fourteen (14) days after this Court has issued its ruling on UDF's pending Motion to Dismiss;

2. All other discovery deadlines in this case shall be calendared from February 23, 2018, with non-expert discovery to be completed no later than February 23, 2019.

IT IS SO ORDERED.

Dated: May 15, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

1517689.2

OBJECTION TO PRETRIAL SCHEDULE & *EX PARTE* APPLICATION