UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. RYAN, <br> Plaintiff, <br> v. <br> CITY OF ROSEVILLE, et al., <br> Defendants. | No. 2:17-cv-01453-MCE-DB <br><br> **MEMORANDUM AND ORDER** |

By way of the present action, Plaintiff Richard Ryan ("Plaintiff") asserts ten causes of action against Defendants City of Roseville (the "City"), Roseville Community Development Corporation ("RCDC"), University Development Foundation ("UDF"), and Chris Robles ("Robles"), the former CEO of RCDC and current Director of both Housing and Economic Development for the City (collectively "Defendants"), for various alleged harms suffered in connection with multiple properties Plaintiff owns within the City. Specifically, Plaintiff asserts causes of action for: (1) physical taking; (2) violation of due process; (3) quiet title to express easement; (4) quiet title to equitable easement; (5) enforcement of easement under California Civil Code § 809; (6) violation of California's Unfair Competition Law under Business and Professions Code § 17200 et seq.; (7) violation of California Constitution Article XIII D Section 6; (8) petition for writ of mandate under California Code of Civil Procedure § 1085; (9) petition for writ of

mandate for violation of California's Public Records Act ("PRA"); and (10) petition for writ of administrative mandate under California Code of Civil Procedure § 1094. Presently before the Court are four separate Motions to Dismiss, filed by each of the four named Defendants. ECF Nos. 7 ("City's Mot."), 9 ("RCDC Mot."), 19 ("Robles Mot."), 23 ("UDF Mot."). All motions have been fully—and separately—briefed. See Oppositions and Replies at ECF Nos. 11, 13, 17, 18, 29, 30, 31, 32. For the reasons set forth below, the Motions to Dismiss are GRANTED with leave to amend in part.[1]

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

---

[1] The Court declines to grant these motions based on untimely service. The Court does not condone Plaintiff's very long delay in serving all Defendants, but—now that all parties have been properly served—dismissal with prejudice on those grounds would be overly harsh. Plaintiff is admonished, however, that any future failure to comply with Court orders or rules may result in future sanctions.

2

Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

///

1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. First and Second Causes of Action Under § 1983

Plaintiff owns various properties in the City of Roseville. These properties are known as the "Rex Building," the "Opera House Saloon," the "Galt Building," and the "State Building." Compl. at ¶¶ 5, 35. Both the Galt and State Buildings have commercial and residential tenants. Id. Plaintiff first alleges that the City, RCDC, and Robles fenced off certain property behind the Rex Building, to which Plaintiff has an easement, preventing Plaintiff from using/accessing his easement.[2] Plaintiff alleges these actions amount to a taking. He additionally claims he was given no notice as to the taking of his property, and no opportunity to be heard in violation of his due process rights.

With respect to the City and RCDC, because there is no respondeat superior liability for municipal entities under Section 1983 (Board of Bryan County v. Brown, 520 U.S. 397, 403 (1997)), a local government entity may be held liable under Section 1983 only for constitutional injuries inflicted by edicts or acts that may be fairly said to represent official policy or custom. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). In other words, in order to state a claim against the City or RCDC, Plaintiff must allege that the actions taken against him were part of a policy or custom.[3] Nowhere in Plaintiff's Complaint does he allege facts supporting such a claim. For that reason,

---

[2] It is not entirely clear whether the easement runs behind the Rex Building or another of Plaintiff's properties, but it appears this claim relates to the Rex Building. See Compl. at ¶ 14.

[3] RCDC additionally claims it cannot be held liable under Section 1983 because it is a nonprofit public benefit corporation, and not a governmental entity. Because Plaintiff fails to allege a proper Monell claim, the Court need not address this argument. However, the Court notes that under certain circumstances a corporation acting on behalf of a municipality may be held liable under Section 1983. Moreover, Plaintiff alleges that Robles took actions on behalf of RCDC as an agent of the City, and further alleges that there is a unity of interest between Roseville and RCDC such that they should be treated as one entity.

Plaintiff's First and Second Causes of Action against the City and RCDC are DISMISSED with leave to amend.

As for Robles, Plaintiff alleges that he was at all times acting within the scope of his employment with the City. Compl. at ¶ 9. Plaintiff further alleges that "all actions attributable to the RCDC were made by Robles." Id. at ¶ 18. Official-capacity suits are simply an alternative to suing the municipality of which the individual is an officer. Hafer v. Melo, 502 U.S. 21, 25 (1991). As such, Plaintiff must allege facts supporting his allegation that the constitutional deprivation he suffered was part of a policy or custom per Monell, which he has failed to do. Id. Alternatively, to the extent Plaintiff intends to plead that Robles acted in his personal capacity, the Complaint fails as well. First, paragraph nine of the Complaint, cited above, indicates Robles acted in his official capacity. Second, even excepting paragraph nine, Plaintiff has failed to allege facts indicating that Robles himself personally did anything, nor does the Court have the impression that Robles personally erected the fence around the subject property. For those reasons, Defendant Robles' Motion to Dismiss is GRANTED with leave to amend.[4]

### B. Fifth, Sixth, and Seventh Causes of Action for Quiet Title and Nuisance

Plaintiff's Fifth and Sixth Causes of Action against RCDC seek to quiet title to the easement. His Seventh Cause of Action against RCDC asserts that blocking his access to the easement amounts to a private nuisance that must be enjoined.[5] RCDC asserts, and Plaintiff does not deny, that it is no longer the owner of the lot on which the easement sits. Rather, the lot is now owned by 110 Pacific Street, LLC. RCDC was the sole member of that LLC until March 2018, when it was replaced by the new CEO of RCDC. Plaintiff does not oppose dismissal and instead seeks to amend his Complaint to add 110 Pacific Street LLC as the proper Defendant. The Motion is therefore GRANTED with leave to amend these three causes of action as requested.

---

[4] In light of this ruling, the Court need not and does not address the City's exhaustion argument.

[5] Because these claims are directly related to Plaintiff's claims under Section 1983, the Court will exercise supplemental jurisdiction over them and consider the merits of Defendant's Motion to Dismiss.

### C. Additional State Law Causes of Action

Plaintiff's Third Cause of Action for violation of the UCL against the City and RCDC relates to a city-sponsored musical festival held behind the Opera House Saloon, which Plaintiff contends improperly competes with his Opera House business. His Fourth Cause of Action against the City for a violation of the California Constitution deals with the City's charging of Plaintiff for water use under both a metered system and per residential unit at the Galt and State Buildings. Plaintiff's Eighth Cause of Action seeks a writ of mandate against the City, RCDC, and Robles, compelling them to respond to his public records request pursuant to California's PRA. His Ninth Cause of Action is for a writ of administrative mandate. It is asserted against the City and asks the Court to set aside two building code violations the City issued to Plaintiff. It appears these code violations relate to activities on or near Plaintiff's Rex Building. Plaintiff's Tenth Cause of Action is for a writ of mandate under California Code of Civil Procedure § 1085 against the City and UDF related to the City's sale of 401 Oak Street to UDF without first making an offer to purchase the property to Plaintiff pursuant to California's Surplus Land Act.

Under 28 U.S.C. § 1367, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." The causes of action arising under state law as summarized above are in no way related to Plaintiff's claims arising under Section 1983. Rather, most of these claims deal with a different property altogether and with entirely separate alleged conduct by Defendants. Indeed, the Ninth Cause of Action is the only one explicitly dealing with the Rex Building (the property at issue in Plaintiff's Section 1983 claims), and the subject building code violations have nothing to do with the easement at issue above. To the extent Plaintiff's PRA Cause of Action is somehow related to the Rex Building, the basis of that relation is not clear to the Court. Moreover, an action arising under California's PRA is more uniquely situated to be addressed by the state court, who no doubt has more experience handling such matters. See Curiel v. Barclays Capital Real Estate Inc., CIVS093074

6

FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2010) (the "primary responsibility for developing and applying state law rests with the state courts"). The same is true of Plaintiff's other state claims.

Because Plaintiff's Third, Fourth, Eighth, Ninth, and Tenth Causes of Action in no way form part of the same case or controversy as his claims that arise under federal law (the First and Second Causes of Action), the Court is without jurisdiction over those claims and they must be DISMISSED without leave to amend, but without prejudice to refiling in the appropriate state court.

### D. Motions to Strike

The City and Robles additionally move to strike certain allegations in the FAC. The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are a drastic remedy and generally disfavored. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pled. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023 (1994) (internal citations and quotations omitted). A matter is impertinent if the statements do not pertain, and are not necessary, to the issues in question. Id. "Scandalous" matters "cast a cruelly derogatory light on a party or other person." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Plaintiff's allegation in the First Cause of Action alleging that Robles has violated California Government Code § 1099(b) are hereby STRICKEN as they are immaterial to Plaintiff's causes of action, impertinent to the issues in question in this action, and potentially scandalous. If Plaintiff chooses to file an amended complaint as directed above, such references should be omitted. The City's remaining requests to strike are rendered moot by the Court's ruling on its Motion to Dismiss.

/ / /

**CONCLUSION**

For the reasons set forth above, Defendants' Motions to Dismiss, ECF Nos. 7, 9, 19, and 23, are GRANTED with leave to amend in part consistent with the foregoing, and the City's Motion to Strike (ECF No. 7) is GRANTED in part. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this order (other than Plaintiff's Third, Fourth, Eighth, Ninth, and Tenth claims, which may be pursued in state court) will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: September 25, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE