DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
ANNIE S. AMARAL (Bar No. 238189)
MICHAEL W. REINING (Bar No. 305566)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: 916.444.1000
Facsimile: 916.444.2100
bwarne@downeybrand.com
aamaral@downeybrand.com
mreining@downeybrand.com

Attorneys for Defendant
UNIVERSITY DEVELOPMENT FOUNDATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. RYAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ROSEVILLE, a municipal corporation; ROSEVILLE COMMUNITY DEVELOPMENT CORPORATION, a non-profit public benefit corporation; UNIVERSITY DEVELOPMENT FOUNDATION, a foreign corporation; CHRIS ROBLES, an individual, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 2:17-cv-01453-MCE-DB<br><br>**REQUEST BY DEFENDANT UNIVERSITY DEVELOPMENT FOUNDATION TO EXTEND DEADLINE TO SUBMIT INITIAL DISCLOSURES; ORDER**<br><br>Judge: Hon. Morrison C. England, Jr. |

Defendant University Development Foundation ("UDF") hereby requests that the deadline for UDF to serve its initial disclosures be continued for good cause, as follows:

1. Plaintiff Richard J. Ryan ("Ryan") filed the original complaint in this action on July 12, 2017. (ECF No. 1.)

/ / /

/ / /

/ / /

1  2.  The Court issued its Initial Pretrial Scheduling Order on July 13, 2017. (ECF No. 4.)

3.  Pursuant to that Order and Federal Rule of Civil Procedure 4(m), Ryan was required to serve UDF within 90 days of filing his original complaint. (ECF No. 4 at 1.) Thus, Ryan was required to serve UDF by October 10, 2017.

4.  On August 14, 2017, Ryan filed a first amended complaint. (ECF No. 6.)

5.  Ryan served the City of Roseville on February 23, 2018.

6.  Ryan did not serve UDF until March 29, 2018, more than 260 days after Ryan filed his initial complaint. (ECF No. 14.)

7.  On April 19, 2018, UDF filed a motion to dismiss Ryan's only claim for relief against UDF, which Ryan styled as a "cause of action," and UDF requested that the Court dismiss that cause of action with prejudice. (ECF No. 23.)

8.  The other defendants in this action also filed motions to dismiss and motions to strike, seeking dismissal of Ryan's claims against them with prejudice. (ECF Nos. 7, 9, 19.)

9.  Based on Ryan's delay in effectuating service, and the defendants' requests that the matter be dismissed with prejudice, the Court ordered that defendants were not required to serve their initial disclosures until fourteen (14) days after the Court ruled on the collective motions to dismiss. (ECF Nos. 33, 34.)

10.  On September 26, 2018, the Court issued an order granting in part and denying in part defendants' motions to dismiss. (ECF No. 36.) With respect to the only cause of action Ryan had asserted against UDF, the Court dismissed this cause of action without leave to amend for lack of jurisdiction (but without prejudice to refiling in the appropriate state court). (ECF No. 36 at 7:4-8.) The Court granted Ryan leave to amend other causes of action he had previously asserted. (*Id*. at 8:2-9.)

/ / /
/ / /
/ / /
/ / /

11. On October 16, 2018, Ryan filed his second amended complaint. (ECF No. 42.) He listed UDF as a defendant in the caption and a party in the "parties" section, but did not identify UDF as a defendant against whom any claims for relief were asserted, and did not identify any wrongdoing by UDF. Given the procedural background, and these omissions in Ryan's second amended complaint, UDF did not believe that any of the claims for relief were alleged against UDF. UDF believed that the isolated references to UDF in the second amended complaint were inadvertent remnants from the prior complaint, a belief that was bolstered by the fact that where UDF was referenced, its name was not capitalized as were the other party names.

12. Nevertheless, in an abundance of caution, on October 30, 2018, counsel for UDF contacted counsel for Ryan by telephone to determine whether Ryan intended to assert any of the remaining claims against UDF. Counsel for Ryan stated that in fact Ryan had intended to assert against UDF the Second Claim for Relief for Violation of the Fourteenth Amendment Due Process Clause, even though Ryan had not previously named UDF as a defendant to this claim. (See ECF No. 6 at 6:4-5.)

13. In order to allow the parties time to meet and confer about the ambiguous legal theory against UDF, Ryan's counsel agreed to extend by one week UDF's deadline to respond to the second amended complaint. (ECF No. 48.)

14. Ryan's counsel never responded to UDF's counsel's efforts to meet and confer. Thus, on November 6, 2018, UDF filed a motion to dismiss Ryan's second amended complaint. Based on the number of amendments Ryan has already made, and the procedural history, UDF seeks dismissal without leave to amend. (ECF No. 51.)

15. Given the uncertain status of the pleadings, and the fact that UDF understandably believed it no longer had a role in the current action, and the fact that UDF seeks dismissal without leave to amend of the only claim that Ryan is apparently alleging against UDF, UDF now seeks an order from the Court confirming that, to the extent UDF remains a defendant in this action and must serve initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure, any such disclosures shall be served no later than fourteen (14) days after UDF files an answer to Ryan's operative complaint.

16. This extension is consistent with the extensions recently sought by the other defendants in this action and ordered by the Court. (See ECF No. 41.)

DATED: November 8, 2018  DOWNEY BRAND LLP

By: */s/ William R. Warne*
WILLIAM R. WARNE
ANNIE S. AMARAL
MICHAEL W. REINING
Attorney for Defendant
UNIVERSITY DEVELOPMENT FOUNDATION

1517689.2

**ORDER**

Good cause appearing, the Court orders that the Initial Pretrial Scheduling Order ("PTSO") (ECF No. 4), as modified on May 15, 2018 (ECF No. 33), and October 1, 2018 (ECF No. 38), and October 16, 2018 (ECF No. 41), in civil action number 2:17-cv-1453-MCE-DB titled *Richard J. Ryan v. City of Roseville, et al.*, be amended to reflect the following change:

Defendant University Development Foundation's ("UDF") Request/Motion for Extension of Time (ECF No. 53) to extend the deadline to provide initial disclosures is GRANTED. The initial disclosures of UDF, if required by Rule 26 of the Federal Rules of Civil Procedure, shall be made no later than **fourteen (14) days** after UDF has filed an answer to Ryan's operative complaint.

IT IS SO ORDERED.

Dated: November 14, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE